IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH RAYMOND McCOY,

    Plaintiff,                       CV F 04 5954 AWI WMW P

    vs.                             ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

E. ALAMEIDA, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the May 23, 2005, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison, brings this civil action against defendant correctional employed by the CDCR officials at Pleasant Valley State Prison.

      Plaintiff sets forth claims under 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12132 et seq. The allegations that give rise to these claims stem from Plaintiff's medical care. Plaintiff names the following individual defendants: the Governor of the State of California; E. Alameida, CDC Director; Gail Lewis, former Warden at Pleasant Valley State Prison; James Yates, the current Warden; Associate Warden Trimble; Chief Medical

1

Officer Bendon; H. D. Sacks; Jeffrey Neubarth, M.D.; Appeals Coordinator N. E. Villa; Appeals Coordinator D. Sylvester; Medical Appeals Analyist Debbie Flores; Risk Manager R. Thornhill; Correctional Counselor G. Rhoades; N. Grannis, Chief of Inmate Appeals; Appeals Examiner B. Sullivan.

On July 10, 2003, Plaintiff filed a CDC Form 1824, Reasonable Modification or Accommodation Request.  Plaintiff suffers from chronic low back pain and "severe varicosity" in his left leg.  Plaintiff was previously (in 1998) diagnosed as having blood clots behind his left knee.  Plaintiff alleges that his medical records reflect that he is permanently mobility impaired and requires special placement in a "disability program facility." Plaintiff specifically requested that he be re-issued a back brace, and be issued a cushioned mattress.  Plaintiff also sought pain medication , physical therapy, and referral to a neurologist.   Accordingly, Plaintiff was interviewed by Defendant Neubarth on July 29, 2003.   Plaintiff's request was partially granted.

On August 7, 2003, Plaintiff filed an appeal at the Director's level of review.   The partial grant was sustained.  Plaintiff levels a conclusory allegation that the decision denied "established rights to receive any proper, prompt and or appropriate access to medical care services and or treatments deemed medically necessary to which to ensure at all times and dates during plaintiff's incarcerated period."   The amended complaint includes lengthy argument and conclusory allegations regarding Plaintiff's grievance.  The crux of the complaint is Plaintiff's difference of opinion regarding his medical care, and the treatment he received.  Plaintiff alleges that his right to a medical examination of his disabilities was denied.

Plaintiff sought relief from the Medical Board of California.  Plaintiff's emergency request to the Medical Board was denied.  Plaintiff concludes that this conduct violated his established rights.

<u>Section 1983 Claim</u>

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

1  defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer</u>
2  <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
3  plaintiff must allege that: (1) a person was acting under color of state law at the time the
4  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
5  privileges or immunities secured by the Constitution or laws of the United States. <u>Paratt</u>
6  <u>v.Taylor</u>, 451 U.S. 527, 535 (1981).

7  The statute plainly requires that there be an actual connection or link between the actions
8  of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v.</u>
9  <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The
10 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
11 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
12 affirmative acts or omits to perform an act which he is legally required to do that causes the
13 deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
14 1978).

15 Under the Eighth Amendment, the government has an obligation to provide medical care
16 to those who are incarcerated. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000). "In
17 order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
18 must be a 'deliberate indifference to serious medical needs of prisoners.'" <u>Id</u>. (quoting <u>Estelle v.</u>
19 <u>Gamble</u>, 429 U.S. 97. 104 (1976)). <u>Lopez</u> takes a two-prong approach to evaluating whether
20 medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must
21 examine whether the plaintiff's medical needs were serious. <u>See</u> <u>Id</u>. Second, a court must
22 determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." <u>Id</u>.
23 at 1132.

24 Here, Plaintiff has failed to allege facts indicating that any of the individually named
25 defendants knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to
26

1  Plaintiff.  The gravamen of Plaintiff's complaint is that several years earlier, he was entitled to
2  certain treatments and therapies.  Plaintiff was later denied these, Plaintiff filed grievances to
3  challenge the decision.  Such a decision does not, of itself, constitute deliberate indifference.
4  Plaintiff's conclusory allegations fail to state a claim.  In order to hold a named defendant liable,
5  Plaintiff must allege facts indicating that the defendant knew of and disregarded a serious risk to
6  Plaintiff's health, resulting in injury to Plaintiff.

ADA Claim

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The  treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA);

Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Further, : "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 10, 2008**                           **/s/  William M. Wunderlich**
                                                                          UNITED STATES MAGISTRATE JUDGE